UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY KENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 1:20-cv-2771 |
| | ) |
| ALLISON TRANSMISSION, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Gregory Kent ("Kent" or "Plaintiff"), by Counsel, brings this action against Defendant, Allison Transmission, Inc. ("Defendant", hereinafter), alleging violations of The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

**II. PARTIES**

2. Kent is a resident of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISIDCTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Kent was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Kent is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew of Kent's disability and/or regarded Kent as being disabled and/or Kent has a record of being disabled.

8. Kent satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on his disability.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Kent was hired by Defendant in or around 1973. His last position held was as an Operations Employee.

11. Throughout his employment, Kent met or exceeded legitimate performance expectations.

12. In or around 2016, Kent was diagnosed and subsequently went out of work for 18 months due to colon cancer. Kent returned to work in or around January 2018.

13. Due to his cancer, Kent suffers from a disability, as that term is defined by the ADA.

14. On or around May 29, 2018, Kent became dizzy and began experiencing vertigo. He was transported out of work and to a hospital by ambulance.

15. On or around June 1, 2018, Kent requested leave but was told that he had exhausted all of his FMLA leave while out the previous year due to his disability. As a result, Kent requested leave under Short-Term Disability.

16. On or around June 2, 2018, Kent's doctor received the paperwork to fill out for his Short-Term Disability Leave but, due to an oversight, his doctor's office did not fax his paperwork to the Defendant.

17. On July 2, 2018, Kent's doctor faxed the requested paperwork to the Defendant's Short-Term Disability Administrator (Sedgwick).

18. On or around July 18, 2018, Kent received a letter from the Defendant stating that they did not receive his Short-Term Disability Paperwork.

19. Soon after the letter was sent to Kent, he was denied Short-Term Disability.

20. On or about August 31, 2018, Kent was able to return to work.

21. In or around August 2018, Kent appealed the denial of his Short-Term Disability leave.  On or around September 14, 2018, he was denied leave.

22. On or around October 24, 2018, Defendant told Kent that they will either terminate him or he can resign. Kent requested to continue being placed on leave until the end of the year when he would qualify for FMLA once more.

23. Defendant refused; Kent resigned. His resignation date was backdated to June 1, 2020.

24. Prior to Kent's termination, Defendant had created the "Allison Transmissions, Inc. Legacy Employee Voluntary Termination Window Incentive Plan" ("Plan").

25. Said Plan was available to employees that elected to participate in 2018, 2019, 2020, or 2021.

26. Said Plan allowed qualifying employees to voluntarily resign and receive a "benefit" for doing so.

27. Due to Kent's experience and tenure, he qualified for a lump sum "benefit" of $50,000.

28. Kent intended on providing notice in December 2018/January-February 2019 of his intent to opt into the Plan and therefore retire at the end of 2019.

29. However, due to Defendant's unlawful employment actions he was forced to resign, which disqualified him from participating in the Plan.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

30. Kent hereby incorporates by reference paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Defendant discriminated against Kent by subjecting him to disparate treatment on the basis of his disability.

32. Defendant's actions were intentional, willful, and in reckless disregard of Vincent's rights as protected by the Americans with Disabilities Act, as amended 42 U.S.C. §12101 *et. seq.*

33. Kent has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Gregory Kent, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award Plaintiff compensatory damages for Defendant's violations of the ADA;

5. Award Plaintiff punitive damages for Defendant's violations of the ADA;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award Plaintiff pre- and post-judgement interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*_____
Taylor Ferguson
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email:         tferguson@bdlegal.com
                  ad@bdlegal.com
*Attorneys for Plaintiff, Gregory Kent*

## DEMAND FOR JURY TRIAL

Plaintiff, Robert Vincent, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*_____
Taylor Ferguson
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email:         tferguson@bdlegal.com
                  ad@bdlegal.com
*Attorneys for Plaintiff, Gregory Kent*